UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENNETH FOSTER,**

      **Plaintiff,**                  Civil Action No. 17-cv-13267

      v.                         District Judge Robert H. Cleland

**COMMISSIONER OF**            Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Foster seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 12) and Defendant's Motion for Summary Judgment (docket no. 13). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.**      **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 12) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 13) be **GRANTED**, and that the case be dismissed in its entirety.

## II. PROCEDURAL HISTORY

On February 5, 2015, Plaintiff applied for Supplemental Security Income ("SSI"), alleging that he has been disabled since July 5, 2001. (TR 33.) The Social Security Administration initially denied Plaintiff's claims on May 2, 2015. (TR 64-73.) On August 24, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge ("ALJ") Timothy Christensen. (TR 45-63.) On November 30, 2016, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 30-41.) Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on September 29, 2017. (TR 1-3.) On October 5, 2017, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 12; docket no. 13.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues. (Docket no. 12, pp. 3-4.) In addition, the ALJ summarized Plaintiff's medical record (TR 35-39), and Defendant adopted the ALJ's recitation of the facts (docket no. 13, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff did not engage in substantial gainful activity since February 5, 2015, the application date. (TR 35.) In addition, the ALJ found that Plaintiff had the

following severe impairments: "affective disorders." (*Id.*) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

- Plaintiff is capable of understanding, remembering, and executing tasks commensurate with unskilled, SVP level 1 or 2 work.
- Plaintiff can have only occasional changes in the work setting as well as brief and superficial contact with the public, coworkers, and supervisors.

(TR 37.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of Plaintiff's past relevant work as an assembler (DOT 706.684-022). (TR 39.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since the application date. (TR 41.)

V.   **LAW AND ANALYSIS**

   A.   **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try

cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

    **B.**    **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

    (1)    Plaintiff was not presently engaged in substantial gainful employment; and

    (2)    Plaintiff suffered from a severe impairment; and

    (3)    the impairment met or was medically equal to a "listed impairment;" or

    (4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

Plaintiff asserts that the ALJ erred by failing to consider his complaints of back pain. (Docket no. 12, p. 4.) In particular, Plaintiff refers to "medical records [stating] that he has back pain and issues that are long standing from a car accident in 2003," and contends that the ALJ "did not take [those records] into consideration when deciding the RFC." (*Id.*; docket no. 14, p. 2.)

The ALJ must "consider all of [a claimant's] statements about [his or her] symptoms, such as pain, and any description [his or her] medical sources or nonmedical sources may provide about how the symptoms affect [his or her] activities of daily living and [his or her] ability to work." 20 C.F.R. § 416.929. However, "symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect [a claimant's] ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable

5

impairment(s) is present." *Id.* "[S]tatements about [a claimant's] pain or other symptoms will not alone establish that [the claimant is] disabled. There must be objective medical evidence from an acceptable medical source that shows [that the claimant has] a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence . . . would lead to a conclusion that [the claimant is] disabled." 20 C.F.R. § 404.1529.

In his decision, the ALJ determined that Plaintiff had one medically determinable impairment, "affective disorders." (TR 35.) The ALJ did not expressly analyze Plaintiff's complaints of back pain.

Plaintiff's treatment records reflect that on September 15, 2014, he presented with an "unspecified back disorder" related to a 2003 car accident. (TR 228.) Similarly, on September 16, 2014, Plaintiff reported "moderate to severe back pain" arising from the 2003 accident. (TR 229.) On October 26, 2015, Plaintiff complained that "his back was giving him a problems [*sic*]." (TR 262.) In addition, Plaintiff testified during the hearing that he "was in a car accident" and that "ever since then, [his] back is tight" as a result of which, he "can't sleep in the bed" and has to "sleep on the floor." (TR 59.)

However, Plaintiff did not refer to back pain in his disability application. (TR 156.) Moreover, Plaintiff's disability determination report reflects that Plaintiff "has not been to any other doctor than New Center Mental Health" and reported "that he does not have any physical problems." (TR 66.) In this regard, Plaintiff concedes that he "does not have any independent records in the file that show what is wrong with [his] back." (Docket no. 12, pp. 4-5.)

6

As summarized above, Plaintiff advances no "medical signs or laboratory findings" that show that his reported back pain is a "medically determinable impairment." Accordingly, the ALJ did not err by declining to expressly analyze Plaintiff's back-related complaints.

## VI.   CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 12) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 13) be **GRANTED**, and that the case be dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 9, 2018         s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 9, 2018         s/ Leanne Hosking
                                   Case Manager